The finding of the judge on the trial of this case was that the plaintiff had failed to show that at the time of the defendant's purchase of the premises where the supposed stream was obstructed, there was any natural stream or channel of water that had been accustomed to flow over and across the land, or that the plaintiff had a right to discharge the water from his premises, across the defendant's premises. *Page 468 
This finding upon a question of fact, in this court, would be conclusive, but not so in the general term of the supreme court. They may reverse a judgment and order a new trial on the ground that the verdict is against the evidence, or against the weight of evidence, or for any mistake as to facts. And where a judgment is reversed without assigning any cause for such reversal, it is difficult to say whether the judgment was so reversed for errors of fact or errors of law.
It is extremely difficult to suppose that the general term reversed this judgment for errors of fact. No one, from the evidence as given in the case, could suppose the contrary to have been proven. The plaintiff stated that when he bought the land, about 1838, there was a spring on the land, which ran across the land owned by the defendant; that he filled up the spring a year after he bought it; that he built a drain from his house through his garden, and in 1852 continued the drain to the defendant's line, and drained the cellars of houses he had built, and during this period he had been filling up his own land higher than his neighbor's. Under such evidence I am at a loss to see how any finding that a natural stream existed there at the time of the sale to the defendant could be sustained. On the contrary, I think the evidence clearly establishes the contrary finding, and that the judge was right on the trial, as to the fact.
Upon the trial the plaintiff relied upon the previous trial before a justice, and upon an arbitration between the parties, which he claimed related to the subject matter of this trial, and was conclusive between them. The judge, at the trial, found that the defendant was not estopped thereby from denying the existence of the water-course, and that the evidence of decisions in those cases was not conclusive upon the parties in this case. In this ruling there was no error. The complaint set forth that there had flowed over and across the plaintiff's premises a stream of water formed *Page 469 
by springs, from time immemorial, and had been accustomed to flow so without obstruction; that the plaintiff had drained the water from his cellar into that stream, and that the defendant, in May, 1857, had obstructed the stream by plowing earth into it, and prevented thereby the accustomed flow of the water, and had caused the waters of the stream to overflow the plaintiff's land. And he asked to have a judgment of the court that he was entitled to have the stream flow across the defendant's lands unobstructed.
On the trial before Farnham, a justice of the peace, in 1853, the complaint was for obstructing the passage of water over the defendant's lot. Whether such water came from a spring, or whether it was a right that existed immemorially, or when the obstruction was put there, was not stated. So the matter submitted to arbitration, which was commenced before Emerson, although the complaint was as to a natural water-course, yet after the case was submitted to the arbitrators, the decision was made solely as to the drain and its depth and dimensions. Neither of these decisions can be said to establish the existence of a water-course running over the defendant's land from time immemorial. Certainly, neither of them established that in 1857 the defendant obstructed this drain; or that at the time of that action he maintained any obstruction to the flow of water over the premises. More especially should the defendant be allowed to explain the plaintiff's evidence, given by himself, on which he relied to establish the existence of such rights; and still more, should he not be concluded by a previous trial in regard to a drain, when the plaintiff himself proved that he had destroyed such running stream, if it ever existed, by filling it up, more than twenty years previous thereto. If the action had been for obstructing a drain across the defendant's premises, from the plaintiff's land, the evidence of the former trials might have been sufficient to establish the plaintiff's right to maintain the drain, but they would have been evidence of nothing else; *Page 470 
but they certainly were not sufficient to conclude the defendant as to the existence of a running stream from the plaintiff's landover, not through, the defendant's land, so as to give the plaintiff a right forever to maintain such stream running across the same land.
It appears to me that the decision at the trial was right, and that the order of the general term, granting a new trial, was erroneous. As the counsel have not claimed that the order of the general term was not made for any error of fact, we should not avoid doing justice to the parties by terminating litigation, when satisfied that the cause has been rightly decided. The order granting a new trial, if on the ground that the judgment is against the weight of evidence, should show that to be the cause. If it does not, and there appears in the case no reason for supposing the decision was for such a cause, we are justified in concluding that the general term decision was made upon the grounds on which the counsel attempt to sustain it in this court.
The order of the general term should be reversed, and the judgment of the special term affirmed.
All the judges concurred, except MULLIN, J., who had been counsel in the case, and therefore did not sit.
Judgment reversed. *Page 471